## MORFORD v. UNITED STATES.
### No. 10715.

United States Court of Appeals
District of Columbia Circuit.

Decided July 27, 1950.

Writ of Certiorari Denied Nov. 6, 1950.
See 71 S.Ct. 120.

Mr. David Rein, Washington, D. C., and Mr. Abraham J. Isserman, Los Angeles, Cal., for appellant.

Messrs. George Morris Fay, United States Attorney, and Joseph M. Howard and Richard M. Roberts, Assistant United States Attorneys, for appellee.

Before STEPHENS, Chief Judge, and PRETTYMAN and PROCTOR, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the United States District Court for the District of Columbia sentencing the appellant to three months' imprisonment and imposing a fine of $250 upon him for refusing, in violation of the Act of June 22, 1938, 52 Stat. 942, 2 U.S.C.A. § 192, to testify and to produce certain records before the Committee on Un-American Ac-

tivities of the House of Representatives. In Morford v. United States, 85 U.S.App. D.C. 172, 176 F.2d 54 (1949), we affirmed a previous judgment of the District Court in this same case. There we ruled that: The evidence at the trial showed a deliberate refusal to furnish the information requested by the Committee. The authorization of the Committee by the House of Representatives, which was the basis of the questions asked, was valid. The inquiry of the Committee was justified under the authorization. The finding of the District Court that the questions asked were pertinent under the statute was proper. The statute was not invalid for failure to furnish a definite standard of guilt and the indictment was therefore sufficient. The District Court properly refused to permit appellant to introduce evidence impugning the motives of individual members of the Committee. The subpoena issued by the Committee was not issued in violation of the Fourth Amendment to the Constitution. It was not error for the District Court to refuse appellant access to the confidential files of the Committee. It was not error for the District Court to refuse to exclude government employees from the jury or to refuse to permit counsel for the appellant to interrogate prospective jurors as to the effect that their government employment and the President's loyalty order, Executive Order No. 9835, 5 U.S.C.A. § 631 note, might have upon their verdict.

On April 10, 1950, the Supreme Court in on opinion Per Curiam, 339 U.S. 258, 70 S.Ct. 586, with special concurrences by Mr. Justice Black and Mr. Justice Frankfurter together, and by Mr. Justice Douglas separately, granted a writ of certiorari and upon the authority of Dennis v. United States, 339 U.S. 162, 70 S.Ct. 519, (1950), reversed our judgment in Morford v. U. S., 85 U.S.App.D.C. 172, 176 F.2d 54 (1949), for the reason that the District Court, did not permit counsel for the appellant Morford "to interrogate prospective Government employee jurors upon *voir dire* examination with specific reference to the possible influence of the 'Loyalty Order,' Executive Order No. 9835, on their ability to render a just and impartial verdict."

Morford v. United States, 1950, 339 U.S. 258, 259, 70 S.Ct. 586. The Supreme Court remanded the case to the District Court for further proceedings in conformity with its opinion. None of the other issues decided by this court was discussed or decided in the opinion of the Supreme Court or discussed in the special concurrences referred to.

Upon retrial of the case in the District Court the right to a jury was waived. In the instant appeal it is apparent from the record, and it is conceded by the appellant, that the issues are the same as those determined by this court in the previous appeal except that the issue with respect to the examination and selection of a jury is not now presented. This being so, and counsel for the Government and for the appellant having agreed to submit the instant appeal upon the briefs filed in the earlier appeal, we affirm, upon the basis of our previous decision, the District Court's judgment now appealed from.

Affirmed.