**UNITED STATES v. EMSPAK (and fifteen other cases).**

**Nos. 1742–1753, 1796, 1797, 1799, 1824.**

United States District Court
District of Columbia.
Jan. 26, 1951.

See, also, 95 F.Supp. 1012.

Charles B. Murray, Washington, D. C., and William Hitz, Asst. U. S. Attys., for the United States.

Allan Rosenberg, Washington, D. C., David Scribner, New York City, for defendant Emspak.

Allan Rosenberg, Washington, D. C., and David Scribner, New York City, for defendants Fitzpatrick, Quinn and Matles.

Joseph Forer, David Rein, Washington, D. C., for defendant Bart.

Allan Rosenberg, Washington, D. C., and David Scribner, New York City, for defendants Panzino and Raley.

Joseph Forer, Washington, D. C., for defendant Branca.

Joseph Forer, Washington, D. C., and Albert L. Collons, New York City, for defendant Hiskey.

Allan Rosenberg, Washington, D. C., and David Scribner, New York City, for defendant Tice.

David Rein, Washington, D. C., for defendant Hashmall.

Joseph Forer, Washington, D. C., and Benedict Wolf, New York City, for defendant Berman.

Ralph E. Powe, Washington, D. C., and Milton H. Friedman, New York City, for defendant Nelson.

Harry C. Lamberton, Washington, D. C., for defendant Lomanitz.

Frank Scheiner, New York City, and A. J. Spero, Washington, D. C., for defendant Scherer.

Harry C. Lamberton, Washington, D. C., for defendant Bohm.

KIRKLAND, District Judge.

The above defendant was one of sixteen indicted by the Grand Jury of this Court for contempt of Congress, 2 U.S.C.A. § 192, for failure to answer questions before a duly created sub-committee of the Committee on Un-American Activities of the House of Representatives, pursuant to Section 121(b) of the Legislative Reorganization Act of 1946, subsection (q) (2), Rules of House of Representatives, rule 11, 60 Stat. 828, and House Resolution 5 of the 81st Congress.

The defendants have filed motions to dismiss and alternative motions in the several cases for a bill of particulars and to have a hearing to show bias and prejudice on the part of members of the Grand Jury which returned these indictments.

Upon consideration of the argument of counsel, the indictment, and the several motions and memoranda filed herein, it is by the Court, this 26th day of January, 1951,

Adjudged, ordered and decreed as follows:

■ (1) Section 192, Title 2, of the United States Code Annotated is constitutional, and does not exceed the bounds of the constitutional power of Congress to investigate in aid of its legislative jurisdiction; nor is it vague and indefinite; nor does it violate the First Amendment to the Constitution of the United States. Barsky v. United States, 1948, 83 U.S.App.D.C. 127, 167 F.2d 241, certiorari denied, 334 U.S. 843, 68 S.Ct. 1511, 92 L.Ed. 1767; United States v. Josephson, 2 Cir., 1947, 165 F.2d 82, certiorari denied 333 U.S. 838, 68 S.Ct. 609, 92 L.Ed. 1122, rehearing denied, 333 U.S. 858, 68 S.Ct. 731, 92 L.Ed. 1138; Eisler v. United States, 1948, 83 U.S.App.D.C. 315, 170 F.2d 273, certiorari denied 338 U.S. 883, 70 S.Ct. 181; Morford v. United States, 1950, 339 U.S. 258, 70 S.Ct. 586, rehearing, D.C.Cir.1950, 184 F.2d 864, certiorari denied, 1950, 340 U.S. 878, 71 S.Ct. 120; Lawson v. United States (Trumbo v. United States), 1949, 85 U.S.App.D.C. 167, 176 F.2d 49, certiorari denied, 1950, 339 U.S. 934, 70 S.Ct. 663.

■ (2) Section 121 of the Legislative Re-Organization Act of 1946, subsection (q)(2), and House Resolution 5 of the 81st Congress creating the House Committee on Un-American Activities, is constitutional. Barsky v. United States; United States v. Josephson; Eisler v. United States; Morford v. United States; Trumbo v. United States and Lawson v. United States, supra.

■ The above indictment does charge an offense under the laws of the United States. It is a good example of a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed.Rules Crim.Proc., rule 7(c), 18 U.S.C.A. It should enable the defendant to understand the nature of the accusation; it affords adequate notice of the offense with which defendant is charged; it gives defendant the information needed to prepare his defense, and makes it possible for him to plead a judgment in bar of another prosecution for the same offense, and is accordingly legally sufficient. United States v. Josephson, supra.

■ (4) In the absence of a showing of actual bias on the part of the members of the Grand Jury due to their employment in the Government of the United States or the Government of the District of Columbia, the indictment is not void. United States v. Wood, 1936, 299 U.S. 123, 57 S.Ct. 177, 81 L.Ed. 78; Frazier v. United States, 1948, 335 U.S. 497, 69 S.Ct. 201, 93 L.Ed. 187; Dennis v. United States, 1950, 339 U.S. 162, 70 S.Ct. 519. In a particular case Government employees serving as Grand or Petit Jurors might be barred for implied bias when circumstances are properly brought to the Court's attention which convince the Court that Government employees would not be suitable jurors. No such circumstances are present under the force of the present motion to dismiss, nor were any such circumstances indicated in defendant's proffer of proof in support of the motion for a hearing on the qualifications of the Grand Jurors.

■ (5) No showing having been made to require the Government to file a bill of particulars, that portion of the motion seeking the same will be denied.

(6) The Court reserves for a further opinion on the force of the motion to dismiss as to whether the indictments charge one or a multiple series of contempts, and also upon the question of whether a witness properly before a committee of Congress who claims his immunity under the provisions of the Fifth Amendment to the Constitution can receive judicial punishment under indictment for contempt of Congress.

■ It has been suggested that the Court take judicial notice of the proceedings before Congress. However, since the indictment is under attack by a motion to dismiss, the Court will not go outside the record at this time to judicially notice such matters.

All other matters not heretofore expressly ruled upon or reserved for further consideration which have been raised in the several motions to dismiss are accordingly overruled.